**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ERIC T. BAKER | : | Case No. 3:22-CV-604 (OAW) |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| YALE LAW SCHOOL | : | |
| *Defendant*. | : | September 1, 2022 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Eric T. Baker ("Plaintiff") brings this action against Yale Law School ("Defendant") for admissions policies and procedures that allegedly violate Title VI of the Civil Rights Act of 1964.  In initiating his suit, Plaintiff has refused to pay the court's filing fee, or to submit a motion to proceed *in forma pauperis* ("IFP motion") which accurately reflects his financial status.  Each time Plaintiff has submitted an IFP motion, he has refused to complete the accompanying financial affidavit.  Plaintiff has now filed three IFP motions, each of which contains a nearly blank financial affidavit.   Defendant has moved to dismiss the complaint for Plaintiff's repeated failures to adhere to court orders directing Plaintiff to submit a corrected IFP motion.  ECF No. 30.  The court hereby **GRANTS** Defendant's motion to dismiss, and **DISMISSES** the complaint with prejudice, pursuant to Rule 41(b).  Plaintiff's IFP motion (ECF No. 28) and motion for default judgment (ECF No. 29) hereby are denied as moot.  The clerk is instructed to render judgment for Defendant and to terminate this action.

I.    **Procedural History**

Plaintiff initiated this action in the Southern District of New York by a complaint filed April 20, 2022.  ECF No. 1.  The case was assigned to United States District Judge Laura Taylor Swain, who transferred the action to the undersigned in the District of Connecticut.

ECF No. 3.  Upon reviewing the docket, the court determined that Plaintiff had yet to pay the court's filing fee or to submit an IFP motion.  ECF No. 10.  The court directed Plaintiff to pay the filing fee or to submit an IFP motion by May 13, 2022.  *Id.*  On May 3, Plaintiff submitted his first IFP motion.  ECF No. 14.  However, the motion was materially incomplete.  *Id.*  Plaintiff stated that he was employed for "1 year" but listed "N/A" for his gross weekly income.  *Id.* at p. 3.  Plaintiff also failed to complete the section listing his monthly obligations.  *Id.* at p. 4.  The court identified the deficiencies in Plaintiff's IFP motion and ordered him to "submit a truthful, accurate, and materially complete financial affidavit."  ECF No. 16.  The court set a deadline of May 25, 2022 for Plaintiff's second IFP motion.  *Id.*  Because Plaintiff failed to submit the motion by the deadline, the court dismissed the case on June 1, 2022.  ECF No. 19.  In its dismissal order, the court permitted Plaintiff to reopen the case by June 23, 2022, if there was good cause for his failure to meet the May 25 deadline.  *Id.*

Rather than filing a motion to reopen, Plaintiff submitted his second IFP motion.  ECF No. 20, 21.  The IFP motion stated that Plaintiff was "Self-Employed", and once again stated "N/A" for his gross weekly income.  ECF No. 20 at p. 3.  Plaintiff again failed to list his monthly obligations.  *Id.* at p. 4.  Because Plaintiff had filed a second IFP motion, rather than a motion to dismiss, the court entered an order directing Plaintiff to file a motion to reopen.  ECF No. 22.  The court specifically noted that Plaintiff's second IFP motion "contains the same deficiencies outlined in the court's [prior] order."  *Id.*  Plaintiff then moved to reopen the case.  ECF No. 25.  In his motion, he stated that "the IFP that was submitted originally was communicated incorrectly. I am self-employed; however, the business is in startup and hasn't generated revenue."  ECF No. 25.  Plaintiff's brief one-

2

paragraph motion to reopen did not explain why he failed to submit his second IFP motion, or to pay the filing fee, by the May 25 deadline previously set by the court.

Regardless, the court granted Plaintiff's motion to reopen, over Defendant's objection, so that Plaintiff could correct his error and proceed with his action.  ECF No. 27.  In its order granting the motion to reopen, the court explained to Plaintiff that despite his explanation as to the start-up business, Plaintiff still failed to communicate the source of income upon which he relies for his daily living expenses such as food, shelter, transportation, etc.  *Id.*  Such information would be needed to evaluate whether Plaintiff is entitled to *in forma pauperis* status.  The court provided Plaintiff with a third and final opportunity to submit a materially complete financial affidavit with his motion for IFP.  *Id.*

On July 1, 2022, Plaintiff filed his third IFP motion.[1]  ECF No. 28.  Once again, Plaintiff failed to complete the financial affidavit.  He stated that he was employed for "1 year" and listed "N/A" for his gross weekly income.  He again failed to list his monthly obligations. Attached to this latest IFP motion is a copy of what appears to be a statement from Plaintiff's nearly-empty investment account.  ECF No. 28-1.  The statement indicates that Plaintiff's account value is $6.28, and that Plaintiff has investments in three different symbols traded on the New York Stock Exchange.  After Plaintiff filed his third IFP motion, Defendant moved to dismiss the complaint.  ECF No. 30.

## II.    Discussion

---

[1]    Plaintiff labels this filing as "Fourth Affidavit IFP," but a review of the docket indicates that Plaintiff has only ever filed three IFP motions:  ECF No. 14, 21, and 29.

a. Motion To Proceed *In Forma Pauperis*

When a plaintiff files a complaint in federal court, ordinarily he must pay filing and administrative fees totaling $402.00. *See* 28 U.S.C. § 1914. Nevertheless, district courts may authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (plaintiffs who qualify for IFP status "may commence a civil action without prepaying fees").

To proceed IFP, plaintiffs do not have to "demonstrate absolute destitution," but they do need to show that paying the required fees would require them to "choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). Therefore, an IFP application is "sufficient" when it "states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

All three of Plaintiff's financial affidavits are insufficient to demonstrate that he is unable to proceed in this action without abandoning the necessities of life. ECF No. 14, 21, 28. The financial affidavits are materially incomplete, with Plaintiff listing "N/A" in response to nearly every question. Plaintiff's refusal to provide his gross weekly income, or to provide his monthly expenses, means that the court cannot determine if he is unable to pay the court's fee for commencing an action. Moreover, Plaintiff's latest financial affidavit appears to suggest that he actually is able to provide himself with the "necessities

4

of life" as he has the ability to pay his monthly expenses in advance.  ECF No. 28 at p. 4

(stating that monthly "[e]xpenses were paid in advance").  And, to be clear, the affidavit

is supposed to list monthly obligations and expenses – not to indicate when such

obligations are or were paid (without listing the corresponding amounts in question).[2]

Regardless, the court cannot allow a plaintiff to proceed *in forma pauperis* if the plaintiff

refuses to provide a materially complete financial affidavit.  Plaintiff's third IFP motion

(ECF No. 28) hereby is **DENIED**.  For the reasons indicated below, the court will not

provide Plaintiff with a third opportunity to correct his IFP motion.

   b.  Rule 41(b) Dismissal

       Defendant has filed a motion seeking to dismiss the complaint with prejudice.  ECF

No. 30.  Although the motion does not specify the rule under which Defendant seeks

dismissal, the court will interpret it as a Rule 41(b) motion.  The motion specifies that the

complaint should be dismissed with prejudice because Plaintiff has "[r]epeatedly [f]ailed

to [c]ompy with the [c]ourt's [o]rders."  *Id.* at p. 6.  Under Rule 41(b), "[i]f the plaintiff fails

to prosecute or to comply with [the Federal Rules] or a court order, a defendant may move

to dismiss the action or any claim against it."  Dismissal pursuant to Rule 41(b) for failure

to comply with an order of the court "is a matter committed to the discretion of the district

court."  *Alvarez v. Simmons Mkt. Rsch. Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988).

       A Rule 41(b) dismissal is proper when determined in light of five factors: "(1) the

duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on

notice that failure to comply would result in dismissal, (3) whether the defendants are

---

[2]       Even with respect to the section on previous federal litigation, Plaintiff initially lists one pending case, *see* ECF No. 14, then three, ECF No. 20, and then only one again, ECF No. 28.  The court finds this to be further indicative of a lack of transparency (whether purposefully evasive or otherwise).

likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Plaintiff has failed to comply with four of the court's orders over a three-month period. *See* ECF No. 16, 19, 22, 27.  On May 10, the court ordered Plaintiff to submit a corrected IFP motion by May 26, 2022, which he failed to do. ECF No. 16.  After the court dismissed the action for the failure, Plaintiff moved to reopen the case.  However, Plaintiff did not explain why he missed the May 26 deadline, despite the court expressly instructing Plaintiff to demonstrate good cause for such omission.  ECF No. 19, 22.  Finally, Plaintiff repeatedly has ignored the court's instructions to provide a materially complete, truthful, and accurate financial affidavit.  After his initial IFP motion, the court identified the deficiencies in Plaintiff's financial affidavit.  Yet the additional two IFP motions submitted by Plaintiff fail to address the court identified errors.  Plaintiff's behavior in this case demonstrates a pattern of refusal to comply with court orders.  This is particularly apparent where there is no evidence to suggest that Plaintiff is unable to understand, or to otherwise follow, the court's instructions.

With respect to the elements that must be considered for purposes of a 41(b) dismissal, *see Lucas*, 84 F.3d at 535, the court notes that more than four months have passed since Plaintiff filed his complaint on April 20, 2022, and served Defendants on April 28, 2022. ECF No. 1, 11. However, no progress in this case has been made because the court cannot proceed on the complaint until after an IFP determination.

As to the second element—Plaintiff's notice of dismissal—the most recent order from the court specifically provided Plaintiff with notice that his case would be dismissed with prejudice if he failed for a third time to submit a materially-complete financial affidavit. ECF No. 27. Additionally, Plaintiff is well aware of the possibility of dismissal, because the court previously dismissed this action due to Plaintiff's noncompliance. ECF No. 19.

The third element requires the court to consider the prejudice to Defendant. Although delays in the commencement of a case typically will not be prejudicial to a non-appearing defendant, the court finds that Defendant is prejudiced in this case because it already has appeared. Plaintiff's noncompliance has resulted in Defendant filing numerous briefings on the docket, none of which are related to the merits of the claims alleged in the complaint.

The fourth element seeks to strike "a balanc[e] of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." Plaintiff has had two opportunities to correct his IFP motion. ECF No. 16, 27. Moreover, the court reopened the case after dismissal, even though Plaintiff had failed to demonstrate the good cause required for his failure to meet the May 26 deadline. Indeed, the court afforded Plaintiff numerous opportunities to address the court's orders in light of his self-represented status.

Finally, the last element of a Rule 41(b) dismissal requires considering a sanction less drastic than dismissal. Because Plaintiff refuses to pay the filing fee or to submit a complete IFP motion, there is no sanction less drastic than dismissal that would appear fruitful. The court cannot proceed on Plaintiff's complaint without payment of the court's fees or a determination that Plaintiff has an inability to pay.

### III.    Conclusion

Accordingly, Defendant's motion to dismiss (ECF No. 30) hereby is **<u>GRANTED</u>** and the complaint is **<u>DISMISSED</u>** with prejudice, pursuant to Rule 41(b).  Plaintiff's third IFP motion (ECF No. 28) and his motion for default judgment (ECF No. 29) are denied as moot. The clerk is instructed to render judgment for Defendant and to terminate this case.

**IT IS SO ORDERED.**  Entered at Hartford, Connecticut, this 1st day of September, 2022.

*/s/ Omar A. Williams*_____
Omar A. Williams
United States District Judge